UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER ANDREW WALAS,

    Plaintiff,        Case No. 20-cv-12317
                 Honorable Mark A. Goldsmith
v.

THOMPSON, et al.,

    Defendants.
_____/

**OPINION & ORDER**
**DISMISSING THE COMPLAINT (Dkt. 1)**

Michigan state prisoner Walter Andrew Walas has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1). He names two Michigan Department of Corrections (MDOC) employees as defendants and seeks monetary damages. Walas alleges violations of the First, Eighth, and Fourteenth Amendments. Walas was granted leave to proceed without prepayment of the filing fee for this action (Dkt. 3). See 28 U.S.C. § 1915(a)(1). For the reasons that follow, this case is dismissed.

**I. BACKGROUND**

Walas's claims arise from an incident which occurred on March 2, 2019, while he was incarcerated at the G. Robert Cotton Correctional Facility. On that date, Defendant Thompson, a corrections officer, summoned Walas to talk with him and Defendant Barlow, also a corrections officer. Compl. at PageID.7 (Dkt. 1).[1] Barlow informed Walas that Thompson found contraband

---

[1] The complaint lists Defendants' first names as "Unknown."

under Walas's mattress—two partially dissolved pills wrapped in paper.² Id. Walas denied that the pills were his and argued that he was being set up. Id. Thompson issued Walas a misconduct ticket. Id. at PageID.8. Walas states that Barlow and Thompson reviewed the ticket with him in front of other inmates, in violation of MDOC policy, which requires a supervisor to review the ticket, not the writer of the ticket. Id. On March 6, 2019, the Hearings Investigator found Walas not guilty of the misconduct. Id. at PageID.15.

Walas states that he spoke with a corrections officer named "Cooley" on March 7, 2019.³ Id. at PageID.9. Cooley reported to Walas that Thompson admitted that Walas should not have been issued a misconduct ticket and "that the entire event was a set up with other inmate[s]." Id. at PageID.9-10. Thompson also allegedly told Cooley that Walas was issued a Class I misconduct because he argued with Thompson and Barlow. Id. at PageID.10. Also on March 7, 2019, another inmate informed Walas that his cellmate, Jerimie Tucker, was selling the type of pills found under Walas's mattress to other inmates. Id. According to this inmate, Tucker, other inmates, Thompson, and Barlow conspired to set Walas up to receive a fraudulent Class I misconduct ticket. Id.

Walas also contends that he did not file an official grievance about the alleged set up because he was threatened with physical injury or further abuse. Id. at PageID.15. He asserts that he "was terrified by threats from other inmates." Id. However, he does not state whether he received threats only from fellow inmates, or also from Defendants or other prison officials. See id.

---

² A prison nurse later stated that the pills appeared to be the medication Effexor, but this could not be confirmed unless the pills were sent for testing. Compl. at PageID.9. Plaintiff states that the pills were not sent to the lab for verification. Id.

³ Walas does not identify Cooley's first name in the complaint.

Walas contends that issuance of the misconduct ticket caused him physical, psychological, and emotional distress and exacerbated previous injuries and disabilities. Id. at PageID.12.

## II. LEGAL STANDARD

Walas is proceeding without prepayment of the fees and costs in this action. Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court must screen the complaint before service and dismiss the complaint, or any portion of the complaint, if it determines the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).

A complaint "does not need detailed factual allegations," but the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

## III. DISCUSSION

### A. Eighth Amendment Claim

Walas alleges that Thompson and Barlow violated his Eighth Amendment right to be free from cruel and unusual punishment. He alleges that Thompson did so by filing a false misconduct ticket against him, then, along with Barlow, reviewing the ticket in front of other prisoners.

3

"[T]he Eighth Amendment prohibits punishments which, although not physically barbarous, involve the unnecessary and wanton infliction of pain, or are grossly disproportionate to the severity of the crime." Rhodes v. Chapman, 452 U.S. 337, 346 (1981) (internal quotation marks and citation omitted). While there is no "static test" to determine whether the conditions of confinement violate the Eighth Amendment, prison officials violate the Eighth Amendment when they act with deliberate indifference to an inmate's health or deprive an inmate of basic human needs, food, medical care, or sanitation. Id. at 346-347.

Walas fails to state a claim regarding the filing of a false misconduct ticket. "False accusations of misconduct filed against an inmate do not constitute a deprivation of constitutional rights where the charges are subsequently adjudicated in a fair hearing." Cromer v. Dominguez, 103 F. App'x 570, 573 (6th Cir. 2004); see also Farmer v. Brennan, 511 U.S. 825, 834 (1994) (holding that false misconduct charges are not "sufficiently serious" such that they result "in the denial of the minimal civilized measure of life's necessities") (internal quotations and citations omitted).

Furthermore, a prisoner may not bring an Eighth Amendment claim for monetary relief based upon allegations of emotional harm without an allegation of physical injury. See 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury."). Walas's unsupported assertion that the false misconduct ticket exacerbated previously diagnosed "neurological injuries and disabilities" is too vague and conclusory to sufficiently allege an actual physical injury. Compl. at PageID.12.

Finally, Walas fails to allege how the discussion of the misconduct ticket in front of other inmates implicated his Eighth Amendment rights.

4

For these reasons, Walas fails to state a claim for relief under the Eighth Amendment.

**B. First Amendment Retaliation Claim**

Walas next argues that Thompson and Barlow retaliated against him because he disagreed with and declined to accept the misconduct ticket. Compl. at PageID.8.

A prison inmate may bring a retaliation claim under the First Amendment where he alleges "(1) [he] engaged in protected conduct; (2) an adverse action was taken against [him] that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) . . . the adverse action was motivated at least in part by [his] protected conduct." Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). An inmate "has an undisputed First Amendment right to file grievances against prison officials on his own behalf." Herron v. Harrison, 203 F.3d 410, 415 (6th Cir. 2000). The grievance need not be a formal, written grievance to qualify as "protected conduct." Maben v. Thelan, 887 F.3d 252, 264 (6th Cir. 2018). Rather, the grievance may be oral or written. Id. at 265.

Walas argues that his oral disagreement with the misconduct ticket was protected conduct and that the adverse action taken against him was the misconduct ticket and planting of evidence. The problem with Walas's argument is that the alleged retaliatory action preceded his protected conduct. Though the misconduct ticket may not have been formally issued before Walas challenged it, he alleges that Thompson and Barlow summoned him specifically to discuss the contraband and the impending misconduct ticket. As such, Walas fails to sufficiently allege a causal connection between the adverse action and protected conduct. Walas's claim that another corrections officer, Cooley, told him that Thompson issued the misconduct ticket because Walas argued with Thompson also does not support this claim for the same reason—the contraband had already been found and the misconduct ticket was imminent when Walas argued with Thompson.

5

In sum, Walas has failed to state a claim under the First Amendment based on his alleged oral disagreement with the misconduct ticket.

Walas also alleges that his First Amendment rights were violated when other prisoners threatened him with injury if he informed prison officials about the false misconduct. Compl. at PageID.15. This allegation fails to state a claim against Barlow and Thompson because it does not concern threats allegedly made by them.

**C. Fourteenth Amendment Due Process and Equal Protection Claims**

Next, Walas claims that the filing of a false misconduct ticket violated his Fourteenth Amendment rights to due process and equal protection. The Fourteenth Amendment's Due Process Clause protects individuals against the deprivation of life, liberty, or property without due process. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). "[T]hose who seek to invoke its procedural protection must establish that one of these interests is at stake." Id. An inmate does not have a protected liberty interest in connection with prison disciplinary proceedings unless the sanction "will inevitably affect the duration of his sentence" or the resulting restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 486-487 (1995). Misconduct convictions that do not result in the loss of good time credits are not "atypical and significant" deprivations and, therefore, do not implicate due process. See Ingram v. Jewell, 94 F. App'x 271, 273 (6th Cir. 2004). In this case, Walas was found not guilty of the misconduct proceeding and due process concerns were not implicated. This claim will be dismissed.

Walas's equal protection claim also lacks merit. Prisoners are entitled to equal protection under the law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). The linchpin of an equal protection claim is that the government has intentionally treated people who are similarly situated in a

6

different manner based upon an improper factor such as race, gender, or age, or in the absence of a rational basis for the disparate treatment. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Walas asserts an equal protection violation but fails to explain in any way how he has been treated differently from others who are similarly situated. Further, prisoners are not members of a protected class for equal protection purposes. Hampton v. Hobbs, 106 F.3d 1281, 1286 (6th Cir. 1997). Walas's speculative and conclusory allegations are insufficient to state an equal protection claim.

### D. Conspiracy Claim

Finally, Walas claims that Defendants engaged in a conspiracy to deprive him of his constitutional rights. The Sixth Circuit has established the following standard for a § 1983 conspiracy claim:

> A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

Heyne v. Metro. Nashville Pub. Sch., 655 F.3d 556, 563 (6th Cir. 2011).

A plaintiff must plead a conspiracy with particularity, as vague and conclusory allegations unsupported by material facts are insufficient. Twombly, 550 U.S. at 565 (allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one).

Walas claims that Defendants engaged in a conspiracy with other inmates to frame him for possession of contraband and to issue a false misconduct ticket. Walas's allegations of a conspiracy are based upon a conversation Walas had with corrections officer Cooley. Cooley

allegedly told Walas that Thompson "set up" Walas by conspiring with other inmates to implicate Walas. Compl. at PageID.9-10. Even if Walas could prove the existence of a conspiracy based upon Cooley's alleged statement, he cannot show that he suffered a constitutional deprivation, since dismissal is appropriate on his First, Eighth, and Fourteenth Amendment claims. See Scott v. Stone, 254 F. App'x 469, 474-475 (6th Cir. 2007) (noting that success on conspiracy claim is dependent on proving deprivation of a constitutional right). Accordingly, his conspiracy claim will be dismissed.

## IV. IN FORMA PAUPERIS STATUS ON APPEAL

If Walas elects to appeal this decision, he may not proceed without prepayment of the fees and costs on appeal because an appeal would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962).

## V. CONCLUSION

For the reasons stated above, the Court concludes that the complaint fails to state a claim upon which relief may be granted. Accordingly, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

SO ORDERED.

Dated: February 17, 2021　　　　　　　　　s/Mark A. Goldsmith
　　　　Detroit, Michigan　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 17, 2021.

　　　　　　　　　　　　　　　　　　　　　s/Karri Sandusky
　　　　　　　　　　　　　　　　　　　　　Case Manager